IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RYAN LAFFEY,<br>    **Plaintiff**<br>   v.<br>AUSTIN KING, MATTHEW BONAWITS, and RYAN MAHOVICH,<br>    **Defendants** | No. 10cv1177<br><br>(Judge Munley) |

## **MEMORANDUM & ORDER**

Before the court for disposition is a discovery dispute that has arisen between the parties regarding Defendant Austin King's response to the plaintiff's discovery requests. Specifically, Thomas DiMaria, Chief of the Swoyersville Police Department ("DiMaria"), claims that two documents relating to Defendant Austin King are privileged. Defendant King has provided the court with both documents for *in camera* review.

The first document is an August 4, 2009 "Commonwealth of Pennsylvania Municipal Police Officers' Education & Training Commission Psychological Examination" of Defendant King (the "psychological exam"). The second document is an "Internal Investigation Findings" report from Sergeant David Latoski to DiMaria relating to the November 28, 2009 incident which lead to the plaintiff's complaint (the "internal report"). We will address the parties' arguments for and against production of each document, in order.

**1. Psychological Exam**

DiMaria and Defendant King refuse to produce the psychological exam based on psychotherapist-patient privilege, executive privilege, and relevance. Defendant King also cites Rule 26(c)(1) of the Federal Rules of Civil Procedure, arguing that the report would embarrass him. Plaintiff argues any psychotherapist-patient privilege was waived when the examination was submitted to the police department.

In this action under 42 U.S.C. § 1983, over which we have federal question jurisdiction, federal common law governs the existence of any privilege.  See FED. R. EVID. 501 advisory committee's note ("In nondiversity jurisdiction civil cases, federal privilege law will generally apply."); see also D'Oench, Duhme & Co. v. Federal Deposit Insurance Corp., 315 U.S. 447, 471 (1942) (Jackson, J., concurring).  There is a psychotherapist-patient privilege under the Federal Rules of Evidence. Jaffee v. Redmond, 518 U.S. 1, 15 (1996) ("we hold that confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure under Rule 501 of the Federal Rules of Evidence.").  In the same paragraph in which the United States Supreme Court recognized this privilege, however, the Court noted that, "[l]ike other testimonial privileges, the patient may of course waive the protection."  Id. at n.14.

We need not determine that any psychotherapist-patient privilege was waived when the psychologist's report was provided to Chief DiMaria, because no psychotherapist-patient privilege arose at all.  This is because Defendant King underwent the evaluation knowing that the results would be provided to his employer.  The report includes Defendant King's explicit release of the information contained in the report to his employer.  See Siegfried v. City of Easton, 146 F.R.D. 98, 101 (E.D. Pa. 1992) ("If a patient makes a communication expecting it to be disclosed to a third party who is not involved in the patient's treatment, the psychologist-patient privilege does not apply. 2 Jack Weinstein & Margaret Berger, Weinstein's Evidence ¶ 504[5], at 504-24 & n. 9 (1992).").

Accordingly, we determine that the psychotherapist-patient privilege is not applicable.  Additionally, having inspected the report *in camera*, we cannot say that the information contained therein is irrelevant.  Having

determined that the report is discoverable– which is not to say that it is necessarily admissible– we will order that the report be produced to the plaintiff. The court would entertain a request by Defendant King requiring that the plaintiff enter into a nondisclosure agreement to preclude unnecessary embarrassment. See FED. R. CIV. P. 26(c)(1) ("A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending. . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . .").[1]

**2. Internal Investigation Report**

DiMaria and Defendant King also claim that the internal report is not discoverable based on executive privilege and irrelevance, citing Whitaker v. Springettsbury Twp., No. 1:08cv627, 2008 WL 4922473 (M.D. Pa. Nov. 14, 2008) (J. Connor) (holding that police department's internal investigation memoranda regarding fatal precinct shooting was protected by executive privilege).[2] We must state, initially, that while DiMaria claims that the "review of Officer King's performance, which relates to departmental expectations" is irrelevant, we disagree. (Doc. 22 at 3). Under Rule 401 of the Federal Rules of Evidence, relevant evidence

---

[1] We find that the psychological exam is not eligible for analysis under a theory of executive privilege, explained below. Nearly all of the factors would be irrelevant to the psychological exam and therefore favor production.

[2] We accept Chief DiMaria's letter to plaintiff's counsel as a proper invocation of privilege. See U.S. v. O'Neill, 619 F.2d 222, 227 (3d Cir. 1980) (stating that agency head must invoke privilege); but see Griffin-El v. Beard, Civil Action No. 06-2719, 2009 WL 678700, *5 (E.D. Pa. Mar. 16, 2009) (indicating that an affidavit is usually required to properly invoke the privilege).

3

means only "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Having reviewed the report *in camera*, we cannot say that the information contained therein is irrelevant to the plaintiff's claims under section 1983 for violations of his constitutional rights.  While Sergeant Latoski's evaluation might later be excludable for other reasons, it does have a tendency to make some of the facts alleged in the complaint more probable than they would be without the internal report.

We review DiMaria and Defendant King's claim of executive privilege under the standard developed in the Eastern District of Pennsylvania in Frankenhauser v. Rizzo, 59 F.R.D. 339 (E.D. Pa.1973).  See Whitaker, 2008 WL 4922473 at *2, n.6 (determining that Frankenhauser analysis remains instructive despite changes to the rules of evidence and applying Frankenhaser factors to internal investigation memo scenario).  "[W]hen executive privilege is asserted, the court must balance the public interest in the confidentiality of governmental information against the needs of a litigant to obtain data, not otherwise available to him, with which to pursue a non-frivolous cause of action."  Frankenhauser, 59 F.R.D. at 344.  Towards this end we balance:

> (1) the extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information; (2) the impact upon persons who have given information of having their identities disclosed; (3) the degree to which governmental self-evaluation and consequent program improvement will be chilled by disclosure; (4) whether the information sought is factual data or evaluative summary; (5) whether the party seeking the discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question; (6) whether the police investigation has been completed; (7) whether any intradepartmental disciplinary proceedings have arisen or may arise

>from the investigation; (8) whether the plaintiff's suit is non-frivolous and brought in good faith; (9) whether the information sought is available through other discovery or from other sources; and (10) the importance of the information sought to the plaintiff's case.

Id.

The first and second factors are not applicable in this case, as the report does not involve citizens providing information to the government. Thus these two factors favor production.  As to the third factor, production of the report could conceivably have some impact on governmental self-evaluation, but we do believe that any reasonable police force would cease engaging in self-evaluation and self-improvement merely because truthful evaluation might subject an individual officer to liability for his actions, and thus the degree of chill minimally weighs against disclosure.   Regarding the fourth factor, the information contained in the report is both factual and evaluative.  We find that factual nature of the report weighs in favor of production because even the evaluative portions are based upon statements and inferences of fact.  The fifth and sixth factors do not appear relevant, because the charges against the plaintiff were allegedly dropped, completing the investigation.  Therefore, these two factors favor production.  The seventh factor also seems inapplicable insofar as there has been no claim that disciplinary proceedings are contemplated, therefore this factor favors production.  It appears from the complaint, and from an *in camera* review of the report itself, that the plaintiff's suit is brought in good faith, and therefore the eighth factor favors production. The ninth factor favors production because DiMaria and Defendant King have not indicated from what other source the information might be obtained.  Finally, having already determined that the information contained in the report is relevant to allegations contained in the plaintiff's complaint, we find that the information could be important  to the plaintiff's

5

case, and we find that this factor favors production.

Having evaluated each factor, we find that the factors favoring production predominate over those favoring privilege. We also note that "a claim of executive privilege in an action brought under 42 U.S.C. § 1983 must be so meritorious as to overcome the fundamental importance of a law meant to insure each citizen from unconstitutional state action." Clark v. Township of Falls, 124 F.R.D. 91, 93 (E.D. Pa. 1988) (citation and quotation omitted). Accordingly, the executive privilege does not apply to the internal report.

Having given an *in camera* review to the August 4, 2009 "Commonwealth of Pennsylvania Municipal Police Officers' Education & Training Commission Psychological Examination" of Defendant King and the "Internal Investigation Findings" report from Sergeant David Latoski to DiMaria, it is HEREBY **ORDERED** that Defendant King and Chief DiMaria produce the two documents. The court will entertain a motion by Defendant King seeking a non-disclosure agreement to prevent unnecessary embarrassment.

**DATED: April 1, 2011**             **BY THE COURT:**

                                      **s/ James M. Munley**
                                      **JUDGE JAMES M. MUNLEY**
                                      **United States District Court**